IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSTIN DRAYTON,
     Petitioner,

vs.                              Case No.:  3:13cv433/MCR/EMT

MICHAEL CREWS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 16).  Petitioner responded in opposition to the motion (doc. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.       BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 16).[1] Following a jury trial in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-5135, Petitioner was found guilty of one count of first degree murder (Exs. A, C).  The jury

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 16) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

recommended a sentence of life imprisonment without the possibility of parole (Ex. A at 434).  The court sentenced Petitioner to life imprisonment without the possibility of parole, with pre-sentence credit of 1,090 days (Ex. A at 438, Ex. D).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-5350 (Ex. E).  The First DCA affirmed the judgment per curiam without written opinion on February 11, 2011 (Ex. G).  Drayton v. State, 53 So. 3d 1025 (Fla. 1st DCA 2011) (Table).  The mandate issued March 1, 2011 (Ex. H).  Petitioner did not seek further review.

On October 7, 2011, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I).  On October 25, 2011, the state circuit court struck the motion as facially insufficient, with leave to amend "within a reasonable time" (Ex. Q).  Petitioner filed an amended Rule 3.850 motion on December 22, 2011 (Ex. K).  The state circuit court summarily denied the motion on February 20, 2012 (Ex. L).  Petitioner appealed the decision to the First DCA, Case No. 1D12-1990 (Ex. O).  The First DCA per curiam affirmed without written opinion on November 28, 2012, with the mandate issuing February 7, 2013 (Exs. Q, T).  Drayton v. State, 105 So. 3d 524 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant habeas action on July 26, 2013 (doc. 1 at 26).  Respondent asserts that the petition is untimely and should be dismissed (doc. 16).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (*see* doc. 16 at 4–5; doc. 19 at 1).  The parties also agree that under federal law, the judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court (*see* doc. 16 at 4–5; doc. 19 at 1–2).  However, the parties disagree as to when the 90-day period commenced. Respondent contends it commenced on February 11, 2011, the date of the First DCA's decision on direct appeal (doc. 16 at 5); whereas, Petitioner contends it commenced on March 1, 2011, the date of the First DCA's mandate on direct appeal (doc. 19 at 1–2).  It is well settled that the 90-day period runs from the date of entry of the judgment sought to be reviewed, rather than from the issuance of the mandate.  *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).  Therefore, the statute of limitations began to run on May 13, 2011, the day after the 90-day period for Petitioner to file a petition for review in the United States Supreme Court expired.[2]  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).  Petitioner had one year from that date, or until May 13, 2012, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on May 13, 2011.

Petitioner did not file his federal petition on or before May 13, 2012; therefore, it is untimely unless tolling principles apply and render it timely.  Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent asserts Petitioner is entitled to statutory tolling for the period between the date he filed his first Rule 3.850 motion and the date the state circuit court rendered the order striking the motion with leave to amend (*see* doc. 16 at 5).  Petitioner filed his first Rule 3.850 motion on October 7, 2011 (Ex. I at 1, 27). At that time, **146 days** of the federal limitation period had expired. The state court rendered its order on the motion on October 25, 2011 (Ex. J at 1).  Petitioner filed his amended Rule 3.850 motion on December 22, 2011 (Ex. K at 1, 60).  Respondent contends, and Petitioner does not dispute, that Petitioner is not entitled to statutory tolling during the period between the state court's order striking the first Rule 3.850 motion and the date Petitioner filed his amended motion (*see* doc. 16 at 5–6; doc. 19 at 2).  At the time Petitioner filed his amended motion, another **57 days** of the federal limitations period had expired.  His amended Rule 3.850 motion was pending until February 7, 2013, the date of the First DCA's mandate affirming the circuit court's denial of the motion.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal deadline expired **162 days** later, on July 20, 2013 (**146 days + 57 days + 162 days = 365 days**).  Petitioner's federal habeas petition, filed July 26, 2013 (doc. 1 at 26), was thus untimely.

Petitioner does not allege any grounds for additional tolling, nor has he shown he is entitled to review of his claims through a recognized exception to the time bar.  Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time barred.

III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 16) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of July 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**