IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSTIN DRAYTON,
    Petitioner,

vs.                                      Case No.: 3:13cv433/MCR/EMT

JULIE L. JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This cause is before the court on Petitioner's "Petition Seeking Relief from a Judgment or Order," filed on June 2, 2015, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (doc. 28). Respondent filed a response in opposition on August 28, 2015 (doc. 34).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that Petitioner's Rule 60(b) motion should be denied.

I.      BACKGROUND AND PROCEDURAL HISTORY

      In 2009, the Circuit Court in and for Escambia County, Florida convicted Petitioner of premeditated murder (*see* doc. 16, Ex. D). The court sentenced him to life imprisonment without the possibility of parole (*id.*). The Florida First District Court of Appeal affirmed the judgment. *See* Drayton v. State, 53 So. 3d 1025 (Fla. 1st DCA 2011) (Table).

      Petitioner commenced this federal habeas action on July 26, 2013 (doc. 1). He raised the following three grounds for relief:

> "Trial counsel rendered ineffective assistance by failing to object to Tandika Wyrick testifying to communications made between her and the Defendant which were privileged communications under Florida Statute 90.504, in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitutions [sic]."

> "Trial counsel rendered ineffective assistance by failing to object to hearsay statements being admitted as an exited [sic] utterance exception [sic], when the statements were testimonial, violating the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution."

> "Trial counsel rendered ineffective assistance by failing to seek expert assistance to prove the crime would not have been committed the way the State presented it to the jury, violating the Defendant's Fifth, Sixth, and Fourteenth Amendments [sic] of the United States Constitution."

(doc. 1 at 9–25). On July 11, 2014, the undersigned issued a Report and Recommendation determining that the § 2254 petition was untimely (doc. 21). In an order rendered August 11, 2014, the district judge adopted the Report and Recommendation and dismissed the petition as untimely (doc. 24). On August 26, 2014, Petitioner filed a motion for reconsideration (doc. 26), which the district court construed as a Rule 59(e) motion and denied in an order rendered September 5, 2014 (doc. 27).

Nearly nine months later, on June 2, 2015, Petitioner filed the instant motion for relief from judgment under Rule 60(b) (doc. 28). Petitioner argues that the district court's change in its interpretation of Florida's state post-conviction procedures warrants reconsideration of the dismissal of his § 2254 petition. He contends the court dismissed his § 2254 petition as untimely, based in part on the conclusion that his Rule 3.850 motion (a state post-conviction application) was not "pending," for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2), during the period between the state circuit court's order striking his motion with leave to amend and Petitioner's filing an amended Rule 3.850 motion within the time frame established by the state court. Petitioner argues that months after judgment was entered in his case, the district court changed its interpretation of the application of the statutory tolling provision to Florida's post-conviction process, and concluded that an initial Rule 3.850 motion is "pending" during the period between the state circuit court's order striking the motion with leave to amend and Petitioner's filing a timely amended Rule 3.850 motion, *see* Barry v. Crews, No. 5:14cv20/RS/EMT, 2014 WL 6909410 (N.D. Fla. Dec. 9, 2014) and Peterson v. Jones, No. 3:14cv104/RV/CJK, 2015 WL 1061677 (N.D. Fla. Mar. 11, 2015). Petitioner argues that applying the court's new interpretation to the facts of his case would result in a conclusion that his § 2254 petition was timely. He thus contends that the district court's order

denying his Rule 59(e) motion denied him his constitutional right to pursue federal habeas corpus relief under § 2254 (doc. 28 at 2).

Respondent contends Petitioner failed to prove "extraordinary circumstances" justifying the reopening of the final judgment in this case (doc. 34). Respondent argues that the Supreme Court has held that a change in the interpretation of the statute of limitations for a § 2254 petition is not an exceptional circumstance warranting relief under Rule 60(b) (*id.* at 5–7) (citing Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (the change in law effected by the decision in Artuz v. Beenett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), which held that a state petition could be properly filed so as to toll the federal statute of limitations even when all of the claims had been procedurally defaulted, was not an extraordinary circumstance warranting relief under Rule 60(b))). Respondent contends the Eleventh Circuit followed this holding in Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013), in which the court held that the Supreme Court's decision in Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010), which altered the court's previous interpretation of the application of equitable tolling, based upon attorney negligence, to the statute of limitations was not an extraordinary circumstance that warranted relief under Rule 60(b) (*id.*). Respondent contends that if the Artuz and Holland decisions were not "extraordinary circumstances" to permit relief under Rule 60(b), then the fact that district courts have differing opinions on a tolling issue cannot be an extraordinary circumstance (*id.*).

II. ANALYSIS

Rule 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion can be appropriate where a petitioner "does not assert, or reassert, claims of error in [his] state conviction." Gonzalez, 545 U.S. at 537. When a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, a Rule 60(b) motion is appropriate. *See id.* at 532 n.4 (explaining that a Rule 60(b) motion is not successive "when a movant asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.").

To the extent Petitioner seeks relief from the order denying his Rule 59(e) motion, he has failed to demonstrate an entitlement to relief. A Rule 59(e) motion can be granted based only on "newly-discovered evidence or manifest errors of law or fact." *See* Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). However, Rule 59(e) cannot be used to "raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Id.* Here, the district court determined that Petitioner's Rule 59(e) motion raised the same argument that Petitioner asserted prior to the court's order dismissing his § 2254 petition as untimely, and the district court fully considered that argument before dismissing the case (*see* doc. 27). Review of Petitioner's Objections to the undersigned's Report and Recommendation confirms the district court's determination that Petitioner raised the same argument prior to entry of final judgment in this case (*see* doc. 23). Therefore, Petitioner has not shown that he is entitled to relief from the order denying his Rule 59(e) motion.

To the extent Petitioner seeks relief from the final judgment dismissing his habeas petition as time-barred, based in part on the conclusion that his state post-conviction application was not "pending," for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2), during the periods between the state circuit court's order striking his application with leave to amend, and Petitioner's filing an amended application within the time frame established by the state court, he still is not entitled to relief. Petitioner does not specify the provision of Rule 60(b) under which he seeks relief.

However, because none of the provisions of Rule 60(b)(2), (3), or (4) appear remotely applicable, the undersigned will analyze his motion as brought under Rule 60(b)(1), (5), or (6).

Rule 60(b)(1) "encompasses mistakes in the application of the law[,]" including judicial mistakes. Parks v. U.S. Life and Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982) (per curiam). With regard to the timing of such motions, the rule itself states that a motion under Rule 60(b) must be made within a reasonable time, and motions under Rule 60(b)(1) must be made within a year of entry of the judgment or order from which relief is sought. Fed. R. Civ. P. 60(c)(1) (emphasis added). The judgment in this case was entered August 11, 2014, thus Petitioner's motion was filed within the one-year time frame.[1]

Assuming that Petitioner filed his Rule 60(b) motion "within a reasonable time," relief is not warranted under Rule 60(b)(1). Typically, the district court is not required to grant relief under Rule 60(b)(1) unless the legal error is obvious. *See* Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977)[2]; *see also* Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996) (holding that in order to prevail on a motion filed under Rule 60(b)(1), the movant has the burden to demonstrate a justification so compelling that the court was "required" to vacate its order); *see also, e.g.*, Chambers v. Fla. Parole Comm'n, 257 F. App'x 258, 259 (11th Cir. 2007) (unpublished but recognized for persuasive authority) (typically the district court is not required to grant relief under Rule 60(b)(1) unless the legal error is obvious) (citing Fackelman, *supra*). Properly framed, then, the district court's inquiry is whether its conclusion that § 2244(d)(1) barred Petitioner's habeas petition was such an obvious error of law that the court is required to reopen its final judgment.

As previously noted, the order and judgment in this case were entered August 11, 2014 (docs. 24, 25). On August 26, 2014, Petitioner filed a motion for reconsideration (doc. 26). The district court construed the motion as a motion to alter or amend the judgment under Rule 59(e), and denied it on September 5, 2014 (doc. 27). Petitioner filed the instant motion nearly nine months

---

[1] Although Petitioner's Rule 60(b) motion was made after the time had passed to file an appeal from the final judgment and/or the order denying Petitioner's Rule 59(e) motion, the Eleventh Circuit has not required that such motions be made within that time frame. *See* Turner v. Sec'y of Air Force, 944 F.2d 804, 807 (11th Cir. 1991) (citing Parks, 677 F.2d at 840).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Case No.: 3:13cv433/MCR/EMT

later, on June 2, 2015 (doc. 28).  For whatever reason, Petitioner chose not to appeal at the time of the initial judgment and now seeks to use Rule 60(b) as a substitute for appeal after other litigants had sought a ruling from this court on the same legal issue.  An unsuccessful litigant may not rely on cases commenced by others and "share in the fruits of victory by way of a Rule 60(b) motion." *See* Parks, 677 F.2d at 841–42.  Therefore, here, as in Parks, Petitioner's motion should be denied.  Further, although the district court changed its interpretation of Florida law after entry of final judgment in Petitioner's case, no controlling case law existed at the time of entry of judgment in his case such that the court's conclusion that Petitioner's § 2254 petition was time-barred was an obvious error of law.  For these reasons, the undersigned concludes that Petitioner is not entitled to relief under Rule 60(b)(1), to the extent he brings his motion under that provision.

Petitioner may not proceed under Rule 60(b)(5).  In Griffin v. Sec'y, Fla. Dep't of Corr., the Eleventh Circuit held that Rule 60(b)(5) does not permit a § 2254 petitioner to challenge a final judgment based on subsequent Supreme Court decisions.  787 F.3d 1086, 1091 (11th Cir. 2015).  If a § 2254 petitioner cannot challenge a final judgment based on subsequent Supreme Court decisions, he certainly cannot use that provision to challenge the final judgment in this case based on subsequent district court decisions.

Likewise, Petitioner may not proceed under Rule 60(b)(6).  In Gonzalez, the Supreme Court held that a change in its interpretation of the statute of limitations for filing a § 2254 petition did not constitute an extraordinary circumstance for reopening a prior § 2254 proceeding under Rule 60(b).  545 U.S. at 536.  The Court explained that "[i]t is hardly extraordinary that subsequently, [after the dismissal of the prisoner's petition based on the statute of limitations], this Court arrived at a different interpretation."  *Id.*; *see also* Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("[T]he change in the decisional law affected [sic] by the Martinez rule is not an 'extraordinary circumstance' sufficient to invoke Rule 60(b)(6)."); Howell, 730 F.3d at 1260 (the Supreme Court's decision in Holland v. Florida, 560 U.S. 631 (2010), which altered the court's previous interpretation of application of equitable tolling, based upon attorney negligence, to the statute of limitations was not an extraordinary circumstance to merit relief under Rule 60(b)).

Here, Petitioner is relying on subsequent decisions of this district court, namely, Peterson v. Jones, No. 3:14cv104/RV/CJK, 2015 WL 1061677 (N.D. Fla. Mar. 11, 2015) and Barry v. Crews, No. 5:14cv20/RS/EMT, 2014 WL 6909410 (N.D. Fla. Dec. 9, 2014), which interpreted Florida's

state post-conviction process differently than in prior § 2254 cases, including Petitioner's (*see* doc. 28 at 1–5). Such a change of legal interpretation is hardly an extraordinary circumstance warranting the reopening of the final judgment in this habeas case.[3]

## III. CONCLUSION

Regardless of whether Petitioner seeks relief from the district court's order denying his Rule 59(e) motion, or the final judgment in this case, he has failed to demonstrate he is entitled to relief under Rule 60(b). Therefore, his motion should be denied.

## IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

---

[3] This case is distinguishable from Bucklon v. Sec'y, Fla. Dep't of Corr., 606 F. App'x 490 (11th Cir. Mar. 25, 2015). In Bucklon, the Eleventh Circuit held that a § 2254 petitioner could proceed under Rule 60(b)(6) where he relied upon a Florida state court decision (issued after the federal district court denied his § 2254 petition, finding that four of his claims were procedurally barred under Florida law), which clarified to federal courts how that state court had been interpreting its own procedural rules during the time Bucklon filed his state post-conviction appeal. The Eleventh Circuit distinguished Gonzalez and Arthur, because unlike in Gonzalez and Arthur, petitioner Bucklon was not relying on the Florida state court decision as a mere change in decisional law or a different interpretation, rather, the state court's order clarified to the federal courts that they had misunderstood Florida state court procedure. 606 F. App'x at 493–94. Here, Petitioner is relying on subsequent decisions of this district court as a change in decisional law or a different interpretation of the application of the statutory tolling provision to Florida's post-conviction process (*see* doc. 28 at 1–5). He is not relying on a Florida state court's decision demonstrating that the federal courts had misunderstood or misinterpreted Florida state post-conviction procedures.

Case No.: 3:13cv433/MCR/EMT

1.  That Petitioner's  "Petition Seeking Relief from a Judgment or Order" (doc. 28) be **DENIED**.

2.  That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 1st day of September 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**